FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-MJ-00210-JAG-1 |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |
| v. | |
| AMANDA LOUISE GAUSNELL, | **ECF No. 18** |
| Defendant. | |

On Friday, June 9, 2023, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 18). Defendant was represented by Assistant Federal Defender Amy Rubin. Special Assistant United States Attorney Allie Jensen represented the United States. With Defendant's consent, Defendant appeared by video from Spokane, Washington.

On May 15, 2023, Magistrate Judge James A. Goeke held a detention hearing and released Defendant to inpatient treatment. ECF No. 17. Having successfully completed treatment, Defendant has filed a motion for this Court to grant her release to reside at a personal residence approved by United States Probation/Pretrial Services while attending intensive outpatient treatment at New

ORDER - 1

Horizons in Spokane Valley.  ECF No. 18.  Neither the United States, nor United States Probation/Pretrial Services have any objection to Defendant's release.

The issue of pretrial release is governed by 18 U.S.C. § 3142.  Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial.  18 U.S.C. § 3142(a).  The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).  The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community.  *Id*.; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community").

Pursuant to 18 U.S.C. § 3142(g), this Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against the

ORDER - 2

Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

Considering Defendant's pending completion of inpatient treatment and the agreement of both the United States Probation/Pretrial Services Office and the United States Attorney's Office with release, the Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant will appear as required. Furthermore, the United States has not established by clear and convincing evidence conditions or a combination of conditions of release that would mitigate the risk to the safety of other persons or the community that Defendant poses.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention Hearing (**ECF No. 18**) is **GRANTED.**

ORDER - 3

      2.      Defendant shall be released on all previously imposed conditions of release.

**IT IS SO ORDERED.**

DATED June 14, 2023.



                    *Alexander C. Ekstrom*
            _____
              ALEXANDER C. EKSTROM
              UNITED STATES MAGISTRATE JUDGE

ORDER - 4